IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Victor Goldstein Dearing,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Virginia Sears,<br><br>　　　　　　　　Defendant. | Civil Action No. 6:09-1675-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion for summary judgment (doc. 16). The plaintiff, a detainee at the Greenwood County Detention Center who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On August 19, 2009, the defendant filed a motion for summary judgment. On August 20, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On October 13, 2009, the plaintiff filed his response in opposition to the motion for summary judgment.

## **FACTS PRESENTED**

On June 22, 2001, the plaintiff was convicted of possession of crack and distribution of crack within a half-mile of a school. He was sentenced under the South Carolina Youthful Offender Act for an indeterminate term of incarceration not to exceed six years. The plaintiff was released on parole on December 12, 2002 (def. m.s.j., ex. 1). During his period of parole, the plaintiff was arrested for the offense of criminal sexual conduct ("CSC"). Due to this arrest, the

plaintiff was called before a hearing officer pursuant to the policy of the South Carolina Department of Probation, Parole, and Pardon Services ("the Department") (*id.*, ex. 2). His parole was revoked due to this arrest, and he was ordered returned to incarceration (*id.*, ex. 3).

The plaintiff was granted a conditional release on May 28, 2004 (*id.*, ex. 4). On November 27, 2004, the plaintiff appeared before the Honorable Wyatt T. Saunders to plead guilty to the offense of assault and battery of a high and aggravated nature ("ABHAN"). Upon conclusion of this plea, Judge Saunders sentenced the plaintiff to a three-year period of incarceration. After this conviction, on December 6, 2004, the plaintiff's conditional release was revoked due his conviction and sentence for ABHAN, as the plaintiff was unable to complete his YOA conditional release due to his incarceration (*id.*, ex. 5). This revocation was to be served concurrently with his three-year sentence. The plaintiff maxed out his sentence for ABHAN on January 1, 2005, and he was released on parole. The plaintiff completed his parole on March 14, 2006.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must

construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The plaintiff filed a complaint in the United States District Court on June 25, 2009, alleging that his second revocation was a violation of double jeopardy. The defendant argues that the plaintiff's complaint should be dismissed as it is barred by the statute of limitations. This court agrees. The plaintiff's parole was revoked on December 6, 2004. At the time of the revocation, the plaintiff was informed that the revocation was due to his conviction for ABHAN as his incarceration would make him unable to abide by the conditions of his release (def. m.s.j., ex. 5). The *Houston v. Lack*, 487 U.S. 266 (1988),[1] delivery date of the plaintiff's complaint is June 22, 2009.

---

[1] The Supreme Court held that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the District Court. *Houston*, 487 U.S. at 276.

3

Because Section 1983 does not explicitly provide its own statute of limitations, the court is to look to the personal injury statute of limitations from the relevant state. *Garrett v. Elko*, C.A. No. 95-7939, 1997 WL 457667, *4 n.2 (4th Cir. 1997) (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Although the limitation period is borrowed from state law, the question of when a cause of action accrues under Section 1983 remains one of federal law. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

Here, the plaintiff's cause of action, if any, accrued on December 6, 2004. The instant complaint was filed some 4½ years later. The South Carolina statute of limitations for personal injuries is three years. S.C. Code Ann. § 5-3-530(5). Furthermore, the South Carolina Tort Claims Act has a two-year statute of limitations. *Id.* § 15-78-110. Accordingly, it is clear that the statute of limitations has run on any Section 1983 federal claim as well as any state claim the plaintiff might have arising from the revocation of his parole in 2004.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this court recommends that the defendant's motion for summary judgment (doc. 16) be granted. The plaintiff's pending nondispositive motion for subpoenas (doc. 13) will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, the motion will be rendered moot.

February 1, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge